PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:   (818) 883-4900
Fax:         (818) 338-2533
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Boulevard, No. 338
Pasadena, CA 91107
Telephone:   (213) 599-8255
Fax:         (213) 402-3949
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiffs Derrious Browning and Darrell Love

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Derrious Browning, an individual, and Darrell Love, an individual, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>McCarthy Building Companies, Inc., a Missouri corporation, and Does 1 through 10,<br><br>     Defendants. | **Case No.**<br>**CLASS ACTION**<br><br>**Complaint for:**<br><br>1. **Failure to Pay Compensation Due for Hours Worked**<br>2. **Failure to Pay Wages Timely upon Termination**<br>3. **Failure to Indemnify Business Expenses**<br>4. **Violation of Cal. Business & Professions Code Section 17203**<br><br>**Demand for Jury Trial** |

Plaintiffs Derrious Browning and Darrell Love (collectively "Plaintiffs") allege:

**Complaint**

# JURISDICTION

1. Plaintiffs are California citizens. Defendant McCarthy Building Companies, Inc. ("McCarthy") is an entity organized under the laws of a state other than California and has its principal places of business in states other than California. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. This Court has jurisdiction under 25 U.S.C. § 1332(a)(1).

2. Defendants are subject to the personal jurisdiction of this Court because they committed their wrongful acts in California.

# VENUE

3. Venue is proper in the Northern District of California under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the claims asserted occurred in this judicial district.

# INTRADISTRICT ASSIGNMENT

4. This matter is properly assigned to the San Jose Division of this District pursuant to Civil Local Rule 3-2(c) because Defendants employ numerous hourly non-exempt employees at locations in this District who were subjected to the illegal practices alleged herein.

# PARTIES

5. Plaintiffs were primarily employed in Monterey County by Defendants as non-exempt general laborers ("GLs").

6. Defendant McCarthy is a Missouri corporation whose headquarters is located at 1341 North Brock Hill Road, St. Louis, MO 63124.

7. McCarthy was involved in the construction of various industrial projects, including the California Flats Solar Project ("Project"). Such activities fell within the usual course of its business.

8. Plaintiff Derrious Browning worked directly for McCarthy at the Project from in or around September 2016 until in or around April 2016 when he was terminated by layoff.

9. Plaintiff Darrel Love worked directly for McCarthy at the Project from in or around July 2016 until in or around November 2016 when he was terminated by layoff.

10. McCarthy acted as an employer/co-employer and/or joint employer of Plaintiffs and the class members. McCarthy is the "engineer, procure, construct" contractor and general contractor for the Project. Among other things, McCarthy:

   a. controlled the Project site;
   b. defined and/or managed the construction on the Project, including but not limited to design, work flow and scheduling;
   c. created, defined and/or managed the work-related agreements related to the Project;
   d. created, defined and/or managed training for workers on the Project;
   e. created, defined and/or managed policies and procedures for workers on the Project, including but not limited to environmental, safety and transportation rules;
   f. created, defined and/or managed the wages of workers on the Project;
   g. created, defined and/or managed the hours for workers on the Project;
   h. created, defined and/or managed the working conditions of the Project;
   i. controlled the access to and the land and roads at the Project;
   j. operated the mandatory on site, badge and security process/procedure/system for the Project;
   k. conducted at least part of the orientation process for Plaintiffs and class members;
   l. conducted meetings, including but not limited to safety meetings and other work-related meetings at which Plaintiffs and class members were required to be present and at which rules and regulations at the Project were outlined and/or reiterated.
   m. maintained vehicles and/or equipment on the Project;
   n. maintained the work quality control and quality assurance for the Project;

    o.    maintained supervisory personnel on the Project;

    p.    monitored and policed the job site rules, security and ingress and egress of the Project; and/or

    q.    had the right and exercised the right to discipline, suspend and terminate employees of any subcontractor on the Project.

11. Plaintiffs do not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sue such defendants by these fictitious names. Plaintiffs believe that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiffs' and class members' rights. Plaintiffs will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiffs ascertain them.

12. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some of the Defendants conspired with the other Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

13. The named Defendants and the Doe defendants are hereinafter referred to collectively as "Defendants."

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring the causes of action for themselves on behalf of a class and sub-class initially defined as follows:

**Non-exempt Employee Class**

All non-exempt employees of any of the Defendants or of any of the contractors or subcontractors of any of the Defendants who worked at the California Flats Solar Project within the period beginning four years prior to the filing of this action through the date of class certification.

**Termination Pay Sub-Class**

All members of the Non-exempt Employee Class whose employment terminated at any time within the period three years prior to the filing of this action through the date of judgment.

15. The term "class members" includes the Plaintiffs and all class members.

16. During all or a portion of the class period, Plaintiffs and class members were employed by Defendants in California.

17. **Numerosity.** The number of class members is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice. Plaintiffs believe there are more than 100 class members.

18. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendant McCarthy is the employer of the class members.

    b. Whether Defendants paid Plaintiffs and class members for all hours worked as required by California law;

    c. Whether Defendants willfully failed to timely pay all wages due to Plaintiffs and class members upon the termination of their employment;

    d. Whether Defendants' conduct in failing to pay all wages due Plaintiffs and class members was willful or reckless;

    e.    Whether Defendants failed to indemnify Plaintiffs and class members for all business expenses for which Defendants were responsible;

    f.    Whether Defendants engaged in unfair competition in violation of California Business & Professions Code Section 17200, *et seq.*; and,

    g.    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

19. **Typicality.** Plaintiffs' class claims are typical of the claims of the class members. Plaintiffs and all class members sustained injuries and damages arising out of Defendants' common course of conduct in violation of the law as alleged herein. Plaintiffs are entitled to the same relief under the class action causes of action as the class members.

20. **Adequacy.** Plaintiffs will adequately and fairly protect the interest of the class members. Plaintiffs were employed by the Defendants at times during the Class Period and are adequate representatives for the class members because Plaintiffs have no interest adverse to the interests of the class members and Plaintiffs have retained legal counsel with substantial experience in civil litigation, employment law and class action litigation. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the class members.

21. **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the claims of the class members. Joinder of all class members is impractical. Class action treatment will allow numerous similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. Furthermore, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available

methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in one case.

**Claim for Relief No. 1**
**Failure to Pay Wages for Hours Worked**
**(Against All Defendants)**

22. Plaintiffs reallege the preceding paragraphs.

23. Labor Code Section 1197 in relevant part provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

24. Paragraph 4 of the applicable Wage Order provides in relevant part:

> (A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016.
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

25. Defendants failed to pay Plaintiffs and class members for all hours worked.

26. Paragraph 5(A) of the applicable Wage Order (No. 16) provides:

> (A) All employer-mandated travel that occurs after the first location where the employee's presence is required by the employer shall be compensated at the employee's regular rate of pay or, if applicable, the premium rate that may be required by the provisions of Labor Code Section 510 and Section 3, Hours and Days of Work, above.

27. Plaintiffs and other class members were subject to wrongfully unpaid off-the-clock work time before their scheduled start times and after their scheduled stop times but were only paid for the time between their scheduled start and stop times.

28. For example, the security gate ("Security Gate Entrance") of the Project was located about a quarter of a mile or so from the intersection of Highway 46 and Turkey Flats Road. It was the only way that Plaintiffs and class members could gain access to the Project ("Solar Site").

Defendants required Plaintiffs and other class members to arrive at the Security Gate Entrance controlled by Defendants, to wait in vehicle lines for Defendants' biologists to approve the road for travel, then wait in a vehicle line to have their badges swiped ("badge in") by a person or persons employed or controlled by Defendants. Plaintiffs and other class members were then required to travel approximately 10 or more miles along a route designated by and strictly controlled by Defendants, at speed limits and subject to job site rules designated by Defendants, using non-public roads to reach parking lots from whence they road in company buggies to arrive at designated locations ("Installation Sites") throughout the Solar Site by a specific time designated by Defendants.

29. The times recorded by Defendants as class members' start times were their scheduled times and reflected the time at which Defendants expected class members to be at company meetings or at their designated Installation Sites. The start times therefore did not reflect the actual time Plaintiffs and other class members were under Defendants' control. Specifically, the start time failed to reflect Plaintiffs and other class members' arrival at Defendants' Security Gate Entrance, their time waiting in lines to get through that gate, the time of the strictly controlled drive to their assigned parking lot or the time of controlled travel from the parking lot to the morning meeting location or Installation Sites.

30. Similarly, at the end of the day, the stop times recorded by Defendants were Plaintiffs and other class members' scheduled stop times and did not reflect the actual time at which Plaintiffs and other class members were no longer under Defendants' control. These times did not accurately reflect the actual amount of time it took Plaintiffs and other class members to travel from their Installation Sites to the parking lot or from the parking lot to the Security Gate Entrance, after which they were no longer under Defendant's control.

31. The drive time between the Security Gate Entrance and the parking lot changes somewhat from day to day due to a large variety of potential delays along the road but on average, it took Plaintiffs and class members 40 or more minutes each way. The drive times in buggies between

the Parking lot and meeting locations or Installation Sites varied more significantly based on the location at which crews of workers were stationed on a given day. In general, the buggy rides took 15 or more minutes each way.

32. Under California law, "hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so. From the time, in the morning, that Plaintiffs and class members were compelled to wait in lines to be badged through at the Security Gate Entrance until they were badged out through the Security Gate Entrance at the end of their workday, they were under Defendants' control and were restricted by Defendants' rules, processes, procedures and supervision.

33. Defendants controlled Plaintiffs and class members during the time they were compelled to wait in lines and during the mandated travel time before and after their scheduled shifts.

34. Plaintiffs and class members were entitled to be paid for all hours worked for Defendants, including, but not limited to, time waiting outside of the Security Gate Entrance, travel time between the Security Gate Entrance and the parking lot, travel time between the parking lot and the Installation Sites, badging time, and travel time to meetings and/or Installation Sites in the mornings.

35. In addition, Plaintiffs and class members were told that they were required to stay on the job site during the entire workday from the beginning of the workday until the end of the workday. They were told that it would be a violation of the job site rules if they reached the Security Gate Entrance too early at the end of the workday and that they could be suspended or terminated if they violated that rule. They were told that they were required to eat their lunches at or near their daily Installation Sites.

36. Defendants failed to pay Plaintiffs and class members for the time that they were required to remain on the jobsite during their meal breaks. They also failed to pay Plaintiffs and class members for the time worked when their meal breaks were interrupted.

37. In violation of Section 1197 and Paragraph 4 of the applicable Wage Order, Defendants did not pay class members the wages due them for all hours worked.

38. Labor Code Section 1194.2 in relevant part provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

39. Plaintiffs and class members are entitled to liquidated damages pursuant to Labor Code Section 1194.2.

40. Plaintiffs and class members worked over eight hours in a day and/or more than 40 hours in a week and/or seven or more consecutive days. Defendants failed to correctly compensate Plaintiffs and class members for all overtime worked at the correct rates in violation of California Labor Code Section 510 and Paragraph 3 of the applicable Wage Order.

41. Plaintiffs have incurred and are entitled to attorney's fees, costs and interest.

**Claim for Relief No. 2**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

42. Plaintiffs reallege the preceding paragraphs.

43. Labor Code Section 201 in relevant part provides:

> (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

44. Labor Code Section 202 in relevant part provides:

> (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting...

45. Labor Code Section 203 provides in relevant part:

> (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the

> due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . .
>
> (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

46. The employment of Plaintiffs and certain class members with Defendants terminated.

47. When the employment of Plaintiffs and certain class members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them within the time required by Sections 201 or 202.

48. Labor Code Section 218.5 provides in relevant part:

> (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. . . .

49. Plaintiffs have incurred attorney's fees and costs in pursuing this claim.

**Claim for Relief No. 3**
**Violation of Labor Code Section 2802**
**(Against All Defendants)**

50. Plaintiffs reallege the preceding paragraphs.

51. Labor Code Section 2802 in relevant part provides:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
>
> (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section…

52. In violation of Labor Code Section 2802, Defendants required Plaintiffs and class members to use their personal vehicles for on-site, employer-controlled, travel, but failed to reimburse them for all such mileage.

**Complaint**
11

53. As a proximate result of Defendants' wrongful actions alleged above, Plaintiffs and the class members have been damaged.

54. Plaintiffs have incurred attorney's fees and costs in pursuing this claim.

### Claim for Relief No. 4
### Violation of California Business and Professions Code Section 17200, *et seq*.
### (Against All Defendants)

55. Plaintiffs reallege the preceding paragraphs.

56. Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any *unlawful*, *unfair* or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

57. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

58. Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

59. Defendants have been unjustly enriched because of Defendants' unlawful and/or unfair business acts and/or practices.

60. Plaintiffs seek restitution of money and/or property by which Defendants were unjustly enriched at the expense of Plaintiffs and the class members.

61. Plaintiffs also seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

62. Plaintiffs and the class members have no plain, speedy, and/or adequate remedy at law to redress the injuries that they have suffered because of Defendants' unfair, unlawful and/or fraudulent business practices.
63. If Defendants are not enjoined from the conduct alleged herein, they will continue to violate their legal obligations.
64. Plaintiffs are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiffs demand a jury trial and requests that judgment be entered against all Defendants as follows:

1. Certification of this action as a class action and the appointment of Plaintiffs as the representatives of the Classes and Plaintiffs' counsel as Lead Counsel for the Class;
2. Damages for unpaid wages;
3. Liquidated damages;
4. Compensatory damages according to proof;
5. Waiting time penalties due pursuant to Labor Code Section 203;
6. Restitution pursuant to Business & Professions Code Sections 17200, *et seq.*;
7. Prejudgment interest;
8. Reasonable attorneys' fees;
9. Costs as allowed by law;
10. A declaratory judgment that the practices complained of herein are unlawful under the Labor Code and/or the Unfair Competition Law and injunctive relief requiring termination or modification of the unlawful practices alleged;

11. Such other relief as this Court shall deem just and proper.

Dated: September 25, 2018          THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiffs
Derrious Browning and Darrell Love

**Complaint**
14